Daniel, J.
 

 The prisoner, at Fall Term, 1844, of Franklin Superior Court, was convicted pn an indictment for grand larceny. When he was brought up for judgment, he moved in arrest,
 
 First,
 
 because', as he said, the said court had no jurisdiction to
 
 try him
 
 on the said indictment, The prisoner had been indicted at Spring Term, 1844, of Johnston Superior Court. He then pleaded,
 
 “not guilty P
 
 And the record has this entry:
 
 “ And the Attorney General takes issueP
 
 The prisoner then made an affidavit to remove the cause for trial, from the Superior Court of Johnston. The court thereupon ordered the cause to be removed into the Superior Court of Franklin for trial. At Spring Term of said court, he was tried and convicted. The Attorney General’ then suggested a diminution of the record, and, thereupon, the court ordered a writ of
 
 certiorari
 
 to issue to the Superior Court of Johnston, to send up a complete transcript of the record of the case. In pursuance of the said writ, a complete transcript of the record was made out by the clerk of Johnston Superior Court, under his proper certificate and the seal of the said court. This transcript was. by the clerk aforesaid, inclosed in the paper, on which the writ of
 
 certiorari
 
 was written, and was then
 
 by
 
 him personally delivered into the Superior Court of Law for Franklin county, with a return on the writ in these words; “
 
 sent up,
 
 September 24th, 1844,” and signed by the clerk. But the said transcript was not otherwise attached or fastened to the said writ of
 
 certiorari.
 
 The prisoner insisted that it did not sufficiently appear that the transcript, then read, did contain the true record of the indictment and proceedings in Johnston Superior Court. The J udge was of the opinion, that it did sufficiently appear from the return of the writ and the certificate of the clerk, that it was a true and correct transcript of the said record, and that the Superior Court of Franklin had jurisdiction.
 

 
 *142
 
 We think, that the opinion of his Honor was correct. The law demands, that a true transcript of the record should be sent up, in pursuance of the writ of
 
 certiorari,
 
 but it does not absolutely require that the transcript should be wafered to, or sewed to the writ, or annexed in any particular way; provided enough appears to shew the court, into which it is certified, that it is, in truth, the proper transcript. It is, however, best and most certain to annex the writ and transcript, as we said in
 
 The State
 
 v.
 
 Martin,
 
 2 Ired. 101, though it is not indispensable. The court, upon the above evidence, could not reasonably doubt, that it was the transcript mentioned in the return, made by the clerk, to the writ of
 
 certiorari.
 

 Secondly,
 
 the prisoner here assigns for error, that the record does not shew, that any legal issue was made up to be tried on his plea of “
 
 not
 
 guiltyHe says, that the record shews, that he, in the conclusion of his plea, tendered an issue to the country, but it does not shew, that the Attorney General accepted the tender, by entering a
 
 similiter.
 
 To the tender of an issue to the country by the prisoner, in a plea of
 
 “notguilty,”
 
 (in a capital case,) the Attorney General always replies the
 
 similiter, ore
 
 tenus; the record need not shew it. And the usage seems to be, to award the
 
 venire,
 
 without any express joining of issue in the record on the part of the King. 2 Hawks, P. C. ch. 38, s. 3.
 

 Thirdly,
 
 the prisoner prayed the benefit of clergy. To this prayer, John McLeod, the prosecutor, entered three counter-pleas, “ for and on behalf of the State,” that the prisoner heretofore, and before the commission by him of this felony and grand larceny, had been by the court allowed his clergy, to-wit, on three several convictions of him for grand larceny, as appears by the three several records of said convictions and allowances of clergy, as set forth in the said counter-pleas respectively. Each counter-plea concludes thus: “ Wherefore, the said John McLeod, for and on behalf of the State, prays judgment, &c.” The prisoner replied,
 
 first, nul tiel record,
 
 as to each of the three cases;
 
 secondly,
 
 that he was not the same person mentioned in the said recited records, who had been heretofore convicted, and had received his clergy. The
 
 *143
 
 court adjudged, that there were such records. The jury, on the issue of identity, found by their verdict, that the prisoner was the very same person, who had heretofore been convicted, and had received his clergy, as mentioned in the three several records, recited in the State’s counter pleas. The court then refused, to allow the prisoner his prayer for clergy, and gave judgment of death against him. We see no error in this.
 

 Fourthly,
 
 in England counter-pleas, in cases of this kind, are filed either in the name of the Attorney General, Clerk of the Crown office in the King’s Bench, or the Clerk of the Court of assizes on the circuits ; the said plea is always filed in the name of some person, whom the Court judicially knows to be an officer of the Crown. Starkie, C. L. 376. The plea here is not in the name of the Attorney General, as it more correctly should have been, but it is in the name of the prosecutor John McLeod, i! for and on behalf of the State.” Prosecutors on indictments are persons taken notice of by our laws; the plea was filed on behalf of the State, and the Attorney General had adopted it, and he has been prosecuting it, ever since it was filed, in behalf of the State. We think that the irregularity, if any, in the frame of the counter-plea, is not fatal to it. It is a counter-plea for the State and insisted on by the highest law officer.
 

 Fifthly,
 
 where clergy has once been regularly allowed to a person, it operates as a pardon to him of all clergiable felonies committed by him, anterior to the time of such allowance of clergy. Rev. Stat. C. 34, Sections 25 and 28. 2 Hale, 385. The prisoner had before been allowed his clergy on a conviction for grand larceny in the Superior Court of Franklin, held on the second Monday after the fourth Monday in September 1843. This indictment was found against the prisoner, at the Superior Court of Johnston, held on the 4th Monday of March, 1844. The day set forth in the indictment, when this felony was committed by the prisoner, was on the 20th day of February, 1844. But we know, that the time set forth in an indictment, when a crime is charged to have been committed, is not traversable, and is seldom truly stated. But
 
 *144
 
 if the crime stated in this indictment had in fact been commit-ted before the time the prisoner had been allowed his clergy, in the above mentioned case, he might have availed himself of ga^ a]]owance by the way of a plea of pardon (2 Hale, 388,) when he was brought up for judgment, or by special replication to the counter-plea. If the prisoner had, by any means, been pardoned this offence, it seems to us, that it lay on him to shew it.
 

 We have considered all the objections, taken by the prisoner, against the judgment against him in the Superior Court, and we are unable to find any ground why the judgment should be reversed, or why a new trial should be granted him. This court is therefore of the opinion, that the judgment was correct, and should therefore be affirmed. And this opinion will be certified to the Superior Court of Law for Franklin county, in order that it may proceed to final judgment and execution.
 

 Per Curiam, Ordered accordingly.